UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

UNITED STATES OF AMERICA, Case No. 1:18-cr-184

Plaintiff,

vs. THURSDAY, OCTOBER 18, 2018

LASHAWN DAVIS,

Defendant.

TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS
HELD BEFORE THE HONORABLE PATRICIA A. GAUGHAN
CHIEF UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: Scott C. Zarzycki,
Assistant United States Attorney

For the Defendant: Edward G. Bryan, Esq.

Official Court Reporter: Lance A. Boardman, RDR, CRR
United States District Court
801 West Superior Avenue
Court Reporters 7-189
Cleveland, Ohio 44113
216.357.7019

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

(In open court at 11:08 a.m.)

THE COURT: We're here in the matter of the United States of America vs. Lashawn Davis, Case Number 18-cr-148.

Present in court is Mr. Davis.

Is that correct, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Represented by his attorney, Mr. Ed Bryan. And on behalf of the Government, Mr. Scott Zarzycki.

Sir, it's my understanding that you wish to withdraw your formerly entered plea of not guilty to the indictment, Counts 1 through 4, and enter a plea of guilty.

Is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Sir, I must ask you a series of questions. If at any time you don't understand, please let me know. And of course, you can consult with your attorney at any time. I will give you the time and the privacy to do so.

How far in school did you go, sir?

THE DEFENDANT: Till 12th grade.

THE COURT: How old are you right now?

THE DEFENDANT: Just turned 19.

THE COURT: I'm sorry?

11:08:55 THE DEFENDANT: Just turned 19.
11:08:57 THE COURT: Turned 19?
11:08:59 Are you a citizen of the United States?
11:09:01 THE DEFENDANT: Yes.
11:09:01 THE COURT: Are you presently under the influence of any alcohol or any narcotic drug or have you recently taken any medication?
11:09:09 THE DEFENDANT: No, Your Honor.
11:09:12 THE COURT: Are you on probation, parole, community control, post-release control, or anything of that nature for any offense?
11:09:19 THE DEFENDANT: No, Your Honor.
11:09:19 THE COURT: Are you satisfied with the representation of your attorney?
11:09:24 THE DEFENDANT: Yes, Your Honor.
11:09:24 THE COURT: Sir, you have certain basic constitutional rights which I will now outline for you. These are the rights you are giving up by pleading guilty.
11:09:34 Do you understand that you have a right to a trial by a jury or you can have your case tried by me, a judge of this Court, with the consent of the Government and the approval of this Court?
11:09:47 Do you understand that?
11:09:48 THE DEFENDANT: Yes, Your Honor.
11:09:48 THE COURT: Do you understand that you have a

right to confront and cross-examine the Government's witnesses?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that you have a right to subpoena witnesses in your own defense?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that you have a right to a lawyer throughout all proceedings, a lawyer either retained or appointed if you cannot afford one?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand, sir, that had you decided to go to trial, you would have had the right to testify or the right not to testify, and had you gone to trial and not testified, nobody would have been allowed to comment on that fact?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Sir, you are presumed innocent unless you are proven guilty beyond a reasonable doubt.

Do you understand, sir, that you don't have to prove anything at all?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you understand that by pleading guilty, you are giving up all of these constitutional rights that I have just outlined for you?

THE DEFENDANT: Yes, Your Honor.

11:10:50 THE COURT: Sir, I have documents before me,
11:10:53 and I'm turning to the last page of each one. Your name is
11:10:57 typewritten, a signature above it, with today's date.
11:11:01 Did you in fact sign and date these documents?
11:11:05 THE DEFENDANT: Yes, Your Honor.
11:11:06 THE COURT: And, sir, did you initial the
11:11:10 bottom of each page?
11:11:12 THE DEFENDANT: Yes, Your Honor.
11:11:12 THE COURT: Did you read them?
11:11:14 THE DEFENDANT: Yes, Your Honor.
11:11:15 THE COURT: And you went over them with
11:11:18 Mr. Bryan?
11:11:18 THE DEFENDANT: Yes, Your Honor.
11:11:19 THE COURT: Sir, is there anything in them you
11:11:22 do not understand?
11:11:24 THE DEFENDANT: No, Your Honor.
11:11:25 THE COURT: Sir, I'm not going to read
11:11:29 everything out loud in open court. I am going to ask you
11:11:33 about some of the terms. The terms that I don't mention,
11:11:40 please understand they are still very important, and you can
11:11:45 ask me a question about anything at all. All right?
11:11:47 THE DEFENDANT: Okay.
11:11:48 THE COURT: I'm looking, sir, on page 2 of
11:11:53 your plea agreement. And I'm looking at paragraph 2.
11:11:59 It indicates that Count 1 is for a violation of Title

18 United States Code Section 2119(a), carjacking, and Section 2. Sir, I'm going to stop there.

Do you understand the charge?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The maximum term of imprisonment is 15 years; the maximum fine is $250,000; the maximum period of supervised release, three years; special assessment, $100 due and payable on the date of sentencing.

Do you understand the statutory penalty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Sir, Count 2, violation of Title 18 United States Code Section 924(c)(1)(A)(ii) and 2, using or carrying and brandishing a firearm during and in relation to a crime of violence, aiding and abetting.

Do you understand that charge?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Statutory penalty is as follows: Mandatory minimum term of imprisonment, seven years, up to a maximum of life; a maximum fine of $250,000; maximum period of supervised release, three years; special assessment, $100.

Do you understand all that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And, sir, do you further understand that this sentence must be run consecutive to the

11:13:32 other counts, specifically to Counts 2 and -- I'm sorry, 1 and 3?

THE DEFENDANT: Can you repeat that?

THE COURT: Sure.

The sentence for Count 2 -- and you know statutorily it's mandatory minimum of seven years up to life?

THE DEFENDANT: Yes, Your Honor.

THE COURT: That must be run consecutive, in addition to, any sentence for Counts 1 and 3.

Does that make sense?

THE DEFENDANT: I don't understand.

THE COURT: Okay.

MR. BRYAN: Your Honor, if I may?

THE COURT: Of course.

(Attorney-client conference.)

MR. BRYAN: He understands, Your Honor.

THE COURT: All right. So, sir, you understand, do you not, what the word "consecutive" means?

THE DEFENDANT: Like back to back?

THE COURT: Right, not at the same time but one, then the other.

THE DEFENDANT: Yeah.

THE COURT: And they follow each other. Okay?

So that seven-year mandatory minimum has to be served after a sentence in Counts 1 and 3.

THE DEFENDANT: I understand.

THE COURT: Okay?

Let me go to, then, the next count. Count 2 is for a violation of Title 18 United States Code 2113(a) and (d) and 2, armed bank robbery.

Do you understand the charge, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And then the statutory penalty is set forth there: Maximum term of imprisonment, 25 years; maximum fine, $250,000; maximum period of supervised release, three years; special assessment, $100.

Understood?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The next count, 4, is for a violation of Title 18 United States Code Section 924(c)(1)(A)(ii) and 2, using and carrying or brandishing a firearm during a crime of violence, aiding and abetting.

Do you understand the charge, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And then, sir, it says that the mandatory minimum term of imprisonment is 25 years up to a maximum of life; maximum fine, $250,000; maximum period of supervised release, three years; special assessment, $100.

Let me stop there. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And, sir, do you understand that this mandatory minimum must be served consecutive as well?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you've talked to Mr. Bryan about this?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And then, sir, the next paragraph reflects that. So the next paragraph says that Counts 2 and 4 may not be satisfied by a term of probation, and the seven-year mandatory minimum sentence on Count 2 and the 25-year mandatory minimum sentence on Count 4 must be served consecutively to any sentence imposed on all other counts in the indictment.

Understood?

THE DEFENDANT: Yes.

THE COURT: Mr. Zarzycki, the seven years and the mandatory minimum and the 25 years have to be served consecutive to one another as well.

MR. ZARZYCKI: Correct, Your Honor.

THE COURT: I'm not certain that paragraph -- I don't know, sir, if it's very clear there, so I want you to understand that. Okay?

So what I can do is I can run Counts 1 and 3 concurrently if I want, okay? And let's just assume for the sake of argument I do. Okay?

THE DEFENDANT: Yes.

THE COURT: Then Count 2, and let's assume I do the seven-year mandatory minimum, has to be run consecutive to that one sentence I give in Counts 1 and 3. And then let's assume I give the 25 years mandatory minimum for Count 4. That has to be run consecutive to the seven years as well.

Does that -- do you understand that?

THE DEFENDANT: Yeah, lightly.

THE COURT: What's that?

THE DEFENDANT: Yes, Your Honor, yes.

THE COURT: Mr. Bryan --

MR. BRYAN: Yeah, we've discussed this a lot, Your Honor.

THE COURT: I just want to make certain he understands that Count 2 is going to be consecutive to Count 1 and 3 and Count 4 is consecutive to Count 3 and Count 1 and 2.

MR. BRYAN: Right.

THE COURT: Strike that.

MR. BRYAN: He understands, Your Honor. I've explained it to him from the very beginning of this case that he's looking at 32 years just for the firearms in this case.

THE COURT: Thank you.

MR. BRYAN: And that would be in addition to whatever time you give for the robberies. He understands that.

THE COURT: Not that this paragraph doesn't say that, but I just want to make certain, sir, you understand what all that means.

THE DEFENDANT: I understand.

THE COURT: Okay. Any questions of me?

THE DEFENDANT: No, Your Honor.

THE COURT: All right. Now, sir, on page 4 there's a heading, "Elements of the Offense."

Do you need for me to go over with you the elements of each of these four counts?

THE DEFENDANT: No, Your Honor.

THE COURT: Now, sir, do you understand that it's my job to come up with a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing? And in so doing I look at a number of factors. I obviously must take into account any statutory requirements, so any mandatory minimum and maximum sentences. I also look at factors such as the seriousness of the offenses, your personal history and characteristics, the issues of deterrence, protecting the public, rehabilitation, disparity in sentencing. And I also look at the sentencing guidelines, which are advisory in nature.

Does all of that make sense?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Paragraph 14 on page 5 basically states that you and the Government agree to recommend that I give you a sentence within the range and of the kind specified pursuant to the advisory guidelines in accordance with the numbers that are set forth in these documents.

So in other words, you will not ask me for a sentence below that final advisory guideline range. The Government cannot ask me for a sentence above it.

Understood?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The next paragraph basically states, sir, that recommendations are not binding on me. And once I have accepted your plea of guilty, you won't have the right to withdraw it if I don't accept a recommendation.

Understood?

THE DEFENDANT: Yes.

THE COURT: Then, sir, paragraph 17 and paragraph 18 set forth what you and the Government believe to be the appropriate guideline computation.

So, sir --

THE DEFENDANT: Yes.

THE COURT: -- regarding paragraph 17, you see where it says total offense level is 24?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you see the footnote?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand all of that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And, sir, the last sentence of that footnote states: "It is anticipated by the parties that the total guideline sentence would place the defendant in a range of imprisonment first represented in the guidelines at offense level 42 prior to acceptance of responsibility."

Do you have any questions of me regarding what that means?

THE DEFENDANT: Can you explain what that means?

THE COURT: I apologize. Sir?

THE DEFENDANT: Can you explain what that means?

THE COURT: Sure.

MR. BRYAN: Your Honor, if I may just real quick?

THE COURT: Of course, of course.

(Attorney-client conference.)

THE DEFENDANT: I understand, Your Honor.

THE COURT: You sure? I'm happy to answer any

questions.

THE DEFENDANT: Yes, I'm sure. Yes, I'm positive. I understand, yes.

THE COURT: You just spoke with Mr. Bryan. He explained it all to you. You don't have any more questions of me?

THE DEFENDANT: No.

THE COURT: All right. All right. And then, sir, the next paragraph indicates that three levels will be deducted for acceptance of responsibility, assuming you continue to act accordingly.

Understood?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Paragraph 20, sir, basically states that you are giving up your right to appeal your conviction or sentence and to challenge your conviction or sentence collaterally through a postconviction proceeding, but you do reserve the right to appeal any punishment in excess of the statutory maximum or any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the guidelines in accordance with the computations that are set forth in this agreement.

Understood?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Then, sir, on the next page there's a heading, "Factual Basis and Relevant Conduct." It goes over to page 9 and page 10. This is what the Government claims you did wrong.

Is all of that true and accurate?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Zarzycki, do you have anything to add to the factual basis?

MR. ZARZYCKI: Actually, yes. Thank you, Your Honor. If I could.

THE COURT: Sure.

MR. ZARZYCKI: With respect to the first paragraph under Factual Basis where it states that on February 4 at approximately 1:09 a.m., defendant and his accomplice, armed with handguns, robbed the victim of her 2016 Hyundai Elantra, license plate HHM1555, a vehicle that had been transported in interstate commerce.

And that's it, Your Honor. Thank you.

THE COURT: Sir, do you accept that as being true and accurate?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Sir, before I ask how you plead, do you have any questions at all of me regarding anything in these documents?

THE DEFENDANT: No, Your Honor.

THE COURT: Do you need any more time with Mr. Bryan?

THE DEFENDANT: No, Your Honor.

THE COURT: Knowing all that I have just outlined for you, how do you plead to the four-count indictment?

THE DEFENDANT: I plead guilty.

THE COURT: And in making this plea, do you understand that no one can make any promises for me as to what I'm going to do in your case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Has anyone made any promises to you other than what is set forth before us here, or has anyone threatened you to convince you to plead?

(Attorney-client conference.)

THE DEFENDANT: No, Your Honor.

THE COURT: Is your plea voluntarily made and of your own free will?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Sir, I do in fact find there to be a factual basis for your plea of guilty. I accept your plea agreement, and I accept your plea of guilty.

I will refer your matter to the Probation Department for a presentence investigation report.

Your sentencing date is January 30 at noon.

Mr. Bryan, does that work for you, sir?

MR. BRYAN: Yes, Your Honor.

THE COURT: Mr. Zarzycki, how about you? January 30 at noon.

MR. ZARZYCKI: Yes, Your Honor.

THE COURT: Sir, you'll be back here on that date. Okay?

THE DEFENDANT: Okay.

THE COURT: Mr. Bryan, anything further for today?

MR. BRYAN: No. Thank you, Your Honor.

THE COURT: Mr. Zarzycki?

MR. ZARZYCKI: No, Your Honor.

THE COURT: All right. Mr. Davis, you're all set.

(Proceedings adjourned at 11:28 a.m.)

* * * * *

**C E R T I F I C A T E**

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter prepared from my stenotype notes.

*/s/ Lance A. Boardman*    *05/02/2019*
Lance A. Boardman, RDR, CRR    DATE