FILED

FEB 18 2020

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF
OHIO

Mr. LaShawn Davis
Petitioner

vs.

Case No.: ~~19-3209~~ 1:18cr184

United States of America
Respondent

MOTION FOR REDUCTION OF SENTENCE
PER FIRST STEP ACT OF 2018

Now comes the Petitioner, Mr. LaShawn Davis, Pro-Se pursuant to Haines v. Kerner, 404 U.S. 519-20, 92 S.Ct. 594 (1972) humbly submitting this motion for reduction of his sentence pursuant to the First Step Act of 208 (FSA-2018)

The Petitioner humbly present this petition in request for relief. Provided in such are the following grounds set forth demonstrating said request for relief.

## STATEMENT OF FACTS

1) On March 6, 2018 the Petitioner was charged with the following offenses:
18:2119(1) and 2 Carjacking, 18:2113 (A) and (D) Armed bank Robbery, and 2 counts of 18:924(C)(1)(A)(ii)

2) On Oct 17, 2018 the Petitioner, at the advise of Counsel plead guilty to the charges of: 18:2119(1) and 2 car-jacking, 18:2113 (A) and (D) Armed bank robbery, and 2 counts of 18:924(C)(1)(A)(ii), and was sentenced to 180 months with 5 years of Supervised Release.

3) The Petitioner filed a Notice of Appeal (N.O.A.) but was withdrawn because the Petitioner signed a plead deal and/or 11(c)(1)(C) plea.

4) Since the date of the N.O.A., the Petitioner has not filed any further petitions

The Petitioner files this Reduction of sentence petition for Relief. For the following Reason(s), the Petitioner humbly requests that this Honorable Court GRANT said Relief:

# ARGUMENT

On December 18, 2018, the Honorable Elect President Donald J. Trump, signed into effect the First Step Act of 2018 (FSA-2018). Upon the signing of such an Act, it redefined the placement of numerous criminal offenses, one being that of the 924(c) enhancements that defendants are subjected to if a crime was committed with a firearm.

Furthermore, the "stacking of 924(c) enhancements" are deemed unconstitutional pursuant to Section 403 which states:

"(i), by STRIKING 'second or subsequent conviction under this section' and INSERTING 'violation of this subsection that occurs AFTER A PRIOR CONVICTION under this subsection has become final.'"

(SEE Sec. 403. Clarification of Section 924(c) of title 18, United States Code).

Before the Act, a second or subsequent count of conviction under section 924(c) triggered a higher mandatory minimum penalty, as well as mandatory "stacking" of those sentences for each count of conviction. This was because, in Deal v. United States,

508 U.S. 129 (1993), this Supreme Court held that, even when multiple counts under section 924(c) were in the same indictment; the conviction on the first count did not have to be final before the mandatory increases and stacking provisions were triggered. Thus, a defendant with two or more counts in one indictment was subjected to a mandatory minimum of five years on the first count and 25 years on each additional count.

<u>WITH</u> the FSA-2018, a defendant <u>MUST</u> have had a previous conviction of a section 924(c) for said provision to be triggered.

The Petitioner has <u>NO</u> other adult criminal cases that would constitute a stacked 924(c) enhancement, was <u>NEVER</u> convicted of a prior 924(c) conviction that has become final and, in fact, by this instant offense being the <u>ONLY</u> offense on the Petitioner's record <u>SHOULD NOT</u> have been subjected to the stacked 924(c) enhancements. Simply because the Petitioner made a single choice to "use, carry or possess" a firearm in connection with a simultaneous incident, he cannot be convicted of two separate violations of section 924(c). (See also <u>United States v. Jackson</u>, (No.(s). 17-3896/3902) (6th

Cir. March 12, 2019)).

Therefore, to hold the Petitioner to a "stacked" 924(c) enhancement would be unconstitutional. With said understanding, it is humbly requested that this Honorable Court GRANT relief and vacate the Petitioner's sentence, remand him back to court for a new Presentencing Investigation Report in light of the provisions of the FSA-2018 section 403 and 402 and Re-sentence him WITHOUT the stacked 924(c) enhancement

Humbly Submitted;

Mr. LaShawn Davis
Reg. No. 65520-060
FCI-Gilmer
Po Box 6000
Glenville, WV. 26351

CERTIFICATE OF SERVICE

I hereby swear pursuant to 28 U.S.C. §1746, under the penalty of perjury that the information listed herein is true and correct.

I further certify that a true and correct copy of said foregoing motion has been placed within the institutional mailing system to be delivered via U.S. Prepaid postage to the Honorable District Court Clerk as well as U.S.A.O. on the date listed below.

/s/ Lashawn Davis
Mr. LaShawn Davis
Reg. No. 65520-060

Date: 2-12-20