IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-184 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| LASHAWN DAVIS, | ) | RESPONSE IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR |
| Defendant. | ) | REDUCTION OF SENTENCE UNDER |
| | ) | 18 U.S.C. § 3582(C)(2) |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, and Scott Zarzycki, Assistant U.S. Attorney, and respectfully Moves this Honorable Court to deny Defendant's request for a reduction of sentence under 18 U.S.C. § 3582(C)(2) for the reasons set forth herein.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Scott Zarzycki

Scott Zarzycki (OH: 0072609)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3971
(216) 522-7358 (facsimile)
Scott.Zarzycki@usdoj.gov

## I. BACKGROUND

On April 11, 2018, a federal grand jury in the Northern District of Ohio returned a 4-count indictment charging the defendant, Lashawn Davis with Carjacking, in violation of 18 U.S.C. § 2119(a) and § 2, Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Bank Robbery, in violation of §§ 2113(a) and (d) and § 2, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

On October 18, 2018, Davis entered into a plea agreement where he plead guilty to all counts in the indictment (R. 24: PSR, PageID 95). In the plea agreement, it was originally agreed that the parties would recommend that the Court impose a sentence within the range specified pursuant to the advisory Sentencing Guidelines for Counts 1 and 3, in addition to a mandatory consecutive term of 7 years (84 months) on Count 2 and a mandatory consecutive term of 25 years (300 months) on Count 4, pursuant to Title 18, U.S.C. § 924(c)(1)(A)(ii). (R. 21: Plea Agreement, PageID 57-58).

The First Step Act of 2018 was enacted in December 2018 and amended the statutory text of § 924(c)(1)(C)(i). Under the new language, the 25-year mandatory minimum does not apply unless the defendant has a prior § 924(c) conviction that became final before the defendant's current § 924(c) violation. As Lashawn Davis did not have a prior § 924(c) conviction that became final, the 25-year mandatory minimum did not apply to Count 4, and the penalty reverted to a mandatory consecutive term of 7 years (84 months). As such, on March 7, 2019, this Court sentenced Lashawn Davis to 12 months imprisonment for Counts 1 and 3 to run concurrent, and 84 months for Count 2 and 4 to run consecutive to each other and consecutive to all other counts for a total of 180 months. (R. 34: Judgement, PageID 145).

## II. ARGUMENT

Lashawn Davis now asserts, as he did previously in the presentence report (R. 24: Presentence Report, PageID 122), that the First Step Act of 2018 not only changed his mandatory minimum sentence from 25 years to 7 years, but that it also prevented Count 2 and Count 4 from running consecutive to each other. Davis' claim is without merit.

Even when a defendant does not have a prior, final § 924(c) conviction, multiple § 924(c) convictions must still carry consecutive sentences. In Davis' case, his second § 924(c) conviction would therefore be punishable by a mandatory 7 year term of imprisonment (rather than 25 years) and would run consecutive to any other term of imprisonment. The First Step Act does not alter Section 924(c)(1)(D), which mandates that each § 924(c) penalty run consecutively to the sentence imposed for any other conviction, including other convictions under § 924(c). In construing this language, the Supreme Court has emphasized its breadth and lack of exceptions. *See, e.g.*, *United States v. Gonzales,* 520 U.S. 1, 5 (1997) ("Congress did not add any language limiting the breadth of [the word "any"], and so we must read § 924(c) as referring to *all* 'term[s] of imprisonment,' including those imposed by state courts."). The broad, mandatory language of § 924(c)(1)(D)(ii) stands in direct contrast to other statutes that require a mandatory consecutive penalty but allow the sentence for successive offenses to run concurrently. See 18 U.S.C. § 1028A(b)(4); *Dean v. United States*, 137 S. Ct. 1170 (2017) (contrasting § 924(c) with § 1028A).

Here Davis had two separate convictions for violating § 924(c). Each related to separate crimes that were committed on separate dates. Both were separately punishable by a minimum mandatory term of 7 years were required by statute to run consecutively.

## III. CONCLUSION

Because the First Step Act did not alter Section 924(c)(1)(D), which mandates consecutive sentences, the Court's sentence of 180 months was appropriate and Davis' motion for reduction of sentence should be denied.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Scott Zarzycki
Scott Zarzycki (OH: 0072609)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3971
(216) 522-7358 (facsimile)
Scott.Zarzycki@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Scott Zarzycki
Scott Zarzycki
Assistant U.S. Attorney