**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:18 CR 184** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Lashawn Davis.,** | ) | **Order** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon defendant's Motion for Compassionate Release filed under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 55). The Sixth Circuit vacated this Court's original Order denying the motion because it "may have relied" on the U.S.S.G § 1B1.13 policy statement which no longer binds courts in deciding compassionate release motions. *United States v. Lawhawn Davis,* No. 20-4235 (6th Cir. March 30, 2021). The Mandate has issued. For the following reasons, the motion is DENIED.

This Sixth Circuit stated the underlying facts: "In 2018, Davis pleaded guilty to aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2 and 2119(1); armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a) and (d); and two counts of using or carrying and

brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). The district court sentenced him to a total of 180 months in prison, and we affirmed. *United States v. Davis*, No. 19-3209 (6th Cir. Nov. 1, 2019) (order)."

After a defendant exhausts his administrative remedies, defendant-filed motions seeking release under § 3582(c)(1)(A) are resolved by considering (1) whether extraordinary and compelling circumstances merit a sentence reduction and (2) whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). The third consideration set forth in the statute, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. U.S.S.G. § 1B1.13; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

As stated in the earlier Order, defendant's medical condition does not establish extraordinary and compelling reasons. Furthermore, consideration of the § 3553(a) factors weigh against modification of the sentence. The public still needs to be protected from further crimes of defendant given the underlying facts of his conviction which include violence and use of a firearm. As to his criminal history, defendant committed these offenses while being investigated in juvenile court for an armed bank robbery. Defendant is only 21 years old and has served only a fraction of his sentence. Release would not reflect the seriousness of defendant's offenses or promote respect for the law.

For these reasons, defendant's Motion for Compassionate Release is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 5/7/21