IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-184 |
| | ) | |
| Plaintiff, | ) | PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| LASHAWN DAVIS, | ) | <u>RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE</u> |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, David M. Toepfer, United States Attorney, and Scott Zarzycki, Assistant United States Attorney, and hereby responds in opposition to Defendant's § 3582 Motion for a Compassionate Release.

Defendant, Lashawn Davis has not shown extraordinary and compelling reasons for a sentence reduction and, moreover, this Court granted him a variance based on the very factor he says warrants his early release—his age. Further, the § 3553(a) factors do not support his early release.

## I. FACTUAL BACKGROUND

On April 11, 2018, a federal grand jury in the Northern District of Ohio returned a 4-count indictment charging the defendant, Lashawn Davis with Carjacking, in violation of 18 U.S.C. § 2119(a) and § 2, Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Bank Robbery, in violation of §§ 2113(a) and (d) and § 2, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

These charges arose out of two incidents, the first occurring on February 4, 2018, at approximately 1:09 a.m., where Lashawn Davis and his accomplice robbed the victim of her

2016 Hyundai Elantra at gunpoint in Cleveland Heights, Ohio. (R. 21: Plea Agreement, PageID 59). While brandishing their firearms, Davis and his accomplice grabbed her arm and pulled her from the car. Both males then entered the car and sped off. (Id.).

On February 17, 2018, Davis and his same accomplice robbed the Dollar Bank located at 5201 Wilson Mills Road in Richmond Heights, Ohio, at gunpoint. (Id.). Both men aggressively entered the bank. One of the men jumped over the counter and pointed a black semi-automatic handgun at the tellers, demanding money. (Id.). The other man pointed his gun at employees and customers and forced them to the ground. (Id.). They used the 2016 Hyundai Elantra that they had stolen on February 4, 2018, as their getaway car. (Id.).

On October 18, 2018, Davis entered into a plea agreement where he plead guilty to all counts in the indictment (R. 24: PSR, PageID 95). In the plea agreement, it was originally agreed that the parties would recommend that the Court impose a sentence within the range specified pursuant to the advisory Sentencing Guidelines for Counts 1 and 3, in addition to a mandatory consecutive term of 7 years (84 months) on Count 2 and a mandatory consecutive term of 25 years (300 months) on Count 4, pursuant to Title 18, U.S.C. § 924(c)(1)(A)(ii). (R. 21: Plea Agreement, PageID 57).

The First Step Act of 2018 was enacted in December 2018 and amended the statutory text of § 924(c)(1)(C)(i). Under the new language, the 25-year mandatory minimum does not apply unless the defendant has a prior § 924(c) conviction that became final before the defendant's current § 924(c) violation. As Lashawn Davis did not have a prior § 924(c) conviction that became final, the 25-year mandatory minimum did not apply to Count 4, and the penalty reverted to a mandatory consecutive term of 7 years (84 months). As such, on March 7, 2019, this Court sentenced Lashawn Davis to 12 months imprisonment for Counts 1 and 3 to run concurrent, and

84 months for Count 2 and 4 to run consecutive to each other and consecutive to all other counts for a total of 180 months. (R. 34: Judgement, PageID 145).

## II. LAW AND ARGUMENT

Davis claims that he is entitled to compassionate release based on extraordinary and compelling reasons, specifically non-retroactive changes to the Sentencing Guidelines. Specifically, Davis claims that the Guidelines amendment providing for reductions for "youthful offenders" warrants a sentence reduction for his case. Davis also claims that changes in the law regarding "stacking" of convictions under 18 U.S.C. 924(c) warrant his release. Finally, Davis claims § 3553(a) factors warrant his release.

Davis cannot show extraordinary and compelling reasons for release based on a non-retroactive Guidelines amendment. § 1B1.13(c). Further, because this Court varied down from his Guidelines range based on Defendant's age, and because a portion of his sentence is a mandatory minimum sentence, he cannot show extraordinary and compelling reasons for release and is not entitled to compassionate release. Additionally, Davis benefitted from the First Step Act, which reduced a 25-year mandatory minimum in Count 4, to a mandatory consecutive term of 7 years (84 months). Finally, the § 3553(a) factors do not support release.

### A. <u>REQUIREMENTS FOR A SENTENCE REDUCTION UNDER § 3582</u>

Once a district court pronounces sentence, it generally may not modify it, except under limited circumstances. 18 U.S.C. § 3582(b) and (c). Under 18 U.S.C. § 3582(c)(1)(A)(i), however, a court may reduce a sentence upon a finding of "extraordinary and compelling circumstances" after also assessing the merits of a defendant's motion under 18 U.S.C. § 3553(a), and so long as that reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Ruffin*,

978 F.3d 1000, 1004-05 (6th Cir. 2020). As the movant, Davis bears the burden to establish that he is eligible for a sentence reduction. *United States v. Kannel*, 834 F. App'x 566, 567 (11th Cir. 2021) (in a compassionate release case, the "movant bears the burden of proving entitlement to relief under section 3582"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (the defendant bears the burden to show eligibility for reduction of sentence under Section 3582(c)(2)).

There are three statutory requirements for a sentencing modification under Section 3582(c)(1)(A). There must be extraordinary and compelling reasons; the reduction must be consistent with applicable Sentencing Commission policy statements; and the court must consider the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement is set forth in U.S.S.G. § 1B1.13. "District courts need not consider" that policy statement, however—and, in particular, need not consider it in defining "extraordinary and compelling reasons"—if an inmate, instead of the BOP, filed the motion with the district court. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Instead, in such a situation, district courts enjoy wide discretion to identify what constitutes extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A). *United States v. Jones*, 980 F.3d 1098, 1109-11 (6th Cir. 2020).

That said, the Sentencing Commission considered views on how to best to define that phrase are instructive. Indeed, a district court can "permissively consider" the Sentencing Commission's definition of extraordinary and compelling in making its own assessment; it simply is not "constrained" by it. *United States v. Tomes*, 990 F.3d 500, 503, n.1 (6th Cir. 2021). As the Seventh Circuit has put it, Section 1B1.13 offers a "working definition" of "extraordinary and compelling reasons" that "can guide discretion without being conclusive." *United States v.*

*Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). And of course, the statutory terms "extraordinary and compelling" have their own independent meanings. *Hunter*, 12 F.4th at 561-62.

District courts may grant compassionate release motions only where the reasons provided are indeed "extraordinary" and "compelling" ones. 18 U.S.C. § 3582(c)(1)(A)(i). A district court may deny a motion when it finds either that no extraordinary and compelling reasons exist or that a balancing of the Section 3553(a) factors weighs against release. *Ruffin*, 978 F.3d at 1008. If the defendant fails to satisfy either of these requirements, the court *must* deny the motion and need not address the other. *Elias*, 984 F.3d at 518-19. Conversely, if both requirements are met, the court "may reduce the defendant's term of imprisonment, but need not do so." *Id.* at 518.

B. NON-RETROACTIVE CHANGES TO THE GUIDELINES ARE NOT EXTRAORDINARY AND COMELLING REASONS FOR EARLY RELEASE

Davis is not entitled to early release based on non-retroactive amendments to the Guidelines because the Guidelines Policy Statement expressly prohibits such a reduction. Pursuant to § 1B1.13(c):

> Except as provided in subsection (b)(6) [regarding sentences were a defendant has served at more than 10 years of imprisonment], a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) **shall not** be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.

(emphasis added). Only *if* a defendant "otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction" can the court consider a non-retroactive amendment to the Guidelines Manual in determining how much of a reduction to grant. *Id.*

Even if this Court could consider the new "Youthful Offender" Guideline as a reason to reduce Davis's sentence, this Court already considered the same factors in that Guideline and decided to vary downward when it imposed a sentence of 12 months, a sentence below the

Guidelines range of 37-46 months for Counts 1 and 3. On November 1, 2024, the § 5H1.1 was amended to include the following language:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

Davis cannot show extraordinary and compelling reasons for a sentence reduction based on this amendment because these are factors that this Court already considered when it sentenced Davis. Indeed, this Court stated at sentencing: "In arriving at what this Court believes to be a very significant sentence, I have taken into account the factors that your attorney has mentioned, sir, the fact that you are 19 years old. In fact, I believe you had just turned 19 prior to these horrendous offenses." (R. 19: Sentencing Trans., PageID 233). Therefore, Davis cannot show extraordinary and compelling reasons in light of this new, non-retroactive language, which would not have changed this Court's consideration of the sentencing factors.

C. DAVIS'S CONSECUTIVE SENTENCES FOR BRANDISHING A FIREARM DURING A CRIME OF VIOLENCE IN VOLATION OF 18 U.S.C. 924(C)(1)(A)(II) DO NOT WARRANT COMPASSIONAE RELEASE

While indeed consecutive sentences, Davis's convictions under § 924(c) were not stacked in the way he claims in his motion (R. 74 Motion for Compassionate Release, PageID 470-474). Davis has already made similar claims in previous motions to this Court. For example, on February 18, 2020, Davis filed a motion under the First Step Act, asking the district court to reduce his sentence below its original downward variance. (R. 46: Motion for Reduction of Sentence, PageID 261). He argued that the First Step Act barred "stacking" of sentences for separate violations of 18 U.S.C. § 924(c) and that, as a result, his sentence violated federal

law. (Id., PageID 263). The government opposed his motion, (R. 47: Response in Opposition, PageID 270), and on March 16, 2020, this Court denied it, noting that 18 U.S.C. § 924(c)(1)(D) continued to require consecutive sentences when a defendant had committed multiple Section 924(c) violations. (R. 48: Order, PageID 274).

The First Step Act of 2018 amended the statutory text of § 924(c)(1)(C)(i). Under the new language, the 25-year mandatory minimum does not apply unless the defendant has a prior § 924(c) conviction that became final before the defendant's current § 924(c) violation. As Lashawn Davis did not have a prior § 924(c) conviction that became final, the 25-year mandatory minimum did not apply to Count 4, and the penalty reverted to a mandatory consecutive term of 84 months. As such, this Court sentenced Lashawn Davis to 12 months imprisonment for Counts 1 and 3 to run concurrent, and 84 months for Count 2 and 4 to run consecutive to each other and consecutive to all other counts for a total of 180 months. (R. 34: Judgement, PageID 145). As Davis benefitted from the changes resulting from the First Step Act when he was originally sentenced, it cannot now serve as an extraordinary and compelling reason for compassionate release.

D. THE § 3553(A) FACTORS DO NOT WARRANT COMPASSIONATE RELEASE

Because Davis cannot establish extraordinary and compelling reasons, he is not entitled to relief and, therefore, this Court need not consider the § 3553(a) factors. However, even if Davis had established extraordinary and compelling reasons, the balance of the remaining factors that the Court should consider do not support a reduction. Indeed, Davis has not presented any facts that change this Court's prior analysis of the § 3553(a) factors, which already resulted in a variance from the Guidelines range. Even if Davis has taken advantage of educational programming and treatment while in prison, those facts are not by themselves extraordinary and

compelling reasons justifying his release, especially considering the nature and circumstances of the offenses he committed.

Davis's convictions are for serious crimes. Both offenses committed by the Defendant were violent and involved the use of a firearm. The Defendant and another male forcibly removed a woman from her car at gunpoint at 1:00 a.m. in Cleveland Heights, Ohio. After taking her vehicle, he later used it to commit another violent robbery with a firearm two weeks later at Dollar Bank (R. 24: PSI, PageID 96-98). The Defendant admitted that he pointed his gun in the faces of multiple employees and customers and forced them to the ground while his accomplice jumped the counter and pointed his gun at other employees (R. 24: PSI, PageID 98).

The extremely violent nature of Defendant's conduct demonstrates that the defendant remains a danger to the community and should remain incarcerated. Indeed, releasing Davis early, when he has yet to serve a significant portion of his remaining sentence, would not promote respect for the law, provide just punishment, or afford adequate deterrence. A sentencing reduction is not justified under § 3553(a).

## III. CONCLUSION

For the reasons stated herein, this Court should deny Defendant's motion.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By: /s/ Scott Zarzycki

Scott Zarzycki (OH: 0072609)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3971
(216) 522-7358 (facsimile)
Scott.Zaryzcki@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this August 25, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through this Court's electronic filing system. A copy will be sent by U.S. mail to:

Lashawn Davis #65520-060
FCI Butner
P.O. Box 999
Butner, N.C. 27509

Parties may access this filing through the Court's system.

/s/ Scott Zarzycki
Scott Zarzycki
Assistant United States Attorney